UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 22-cr-10136-DPW |
| | ) | |
| VANDO GVOZDAREVIC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

In accordance with the plea agreement in this case (Doc. 15), the government joins the defendant to recommend a sentence of 120 months of imprisonment, 5 years of supervised release, and a mandatory special assessment of $100. The defendant has also agreed to forfeit to the government, the items detailed in paragraph 5 of the plea agreement.

I.   **ADVISORY SENTENCING GUIDELINES**

The government agrees with the PSR's calculations of the defendant's offense level and criminal history category. The defendant is responsible for 9,213.75 kilograms of converted drug weight. PSR ¶ 17. His base offense level is 32. PSR ¶ 17. The defendant is also entitled to a three-level acceptance of responsibility reduction. PSR ¶ 24-25. The defendant's total offense level is 29. PSR ¶ 52. The defendant's criminal history results in a criminal history score of nine. Further, the defendant was on probation at the time of the instant offense resulting in a further 2 criminal history points. The defendant is therefore in criminal history category V. PSR ¶ 38. The advisory guideline imprisonment range is 140 to 175 months. PSR ¶ 81.

## II.      SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

Consideration of the § 3553(a) factors demonstrates that a sentence of 120 months is sufficient, but not greater than necessary, to meet the goals of sentencing.

### A.      Nature of the Offense

The defendant engaged in very dangerous behavior. The facts leave little doubt that the defendant had access to large quantities of fentanyl and methamphetamine pills. The Court is well aware of the dangers that fentanyl poses to communities in this district. Families across this district are stricken with the tragedies caused by the opioid epidemic that has lingered for years in the form of overdose deaths, violence, and crime.[1]

The defendant not only trafficked in this deadly substance, he had them in the form of counterfeit pills. These counterfeit pills are dangerous because they increase the risk of overdose by those seeking diverted pharmaceutical pills, young people unfamiliar with street narcotics, and others who are unfamiliar with powder fentanyl and methamphetamine.[2] The defendant's offenses are serious, they are dangerous, and a sentence of 10 years sends a clear message that he cannot continue with his behavior.

### B.      Characteristics of the Defendant

The defendant is 30 years old and from his PSR, appears to come from an unstable household. PSR ¶ 51-57. This is not the defendant's first time incarcerated for drug distribution. He was previously sentenced to 5 years in state prison for drug distribution and firearm offenses. PSR ¶ 34-35. He was released from that prison sentence in 2020 and is currently on probation.

---

[1] https://www.cdc.gov/nchs/nvss/vsrr/drug-overdose-data.htm (last accessed January 24, 2023).

[2] https://www.dea.gov/onepill (last accessed January 24, 2023).

During that most recent sentence, the defendant had a significant record of disciplinary reports, and he did not avail himself to programming or employment. PSR ¶ 34.

The defendant would be wiser to take advantage of the sentence imposed by the Court to receive educational, vocational, mental health, and substance abuse services while incarcerated with the Bureau of Prisons. The government commends the defendant for recognizing his need for mental health and substance abuse treatment. PSR ¶ 64, 72.

### C.    Specific and General Deterrence

A significant sentence of imprisonment is warranted to deter others similarly situated to the defendant from becoming involved in drug dealing. Those in the defendant's position must understand that any involvement with drug distribution will not go unpunished and the consequences will be substantial. Others must also recognize that distributing counterfeit prescription pills is a significant priority for federal prosecution and will lead to a serious period of imprisonment.

Considerations of specific deterrence also support imposition of a significant period of incarceration. This is not the first time the defendant is incarcerated for drug dealing. This time, a more serious term of imprisonment is warranted, not only because of his prior criminal history, but because did so while on probation for drug dealing. The sentence recommended by the parties is hopefully sufficient to deter the defendant from resuming a life of drug dealing when he re-enters public life.

### III.    CONCLUSION

The parties' sentencing recommendation takes into account the various factors set forth in § 3553(a) and the sentencing guidelines.  The United States recommends with the defendant that

3

the Court sentence the defendant to 120 months in prison to be followed by 5 years of supervised release, and that the defendant be ordered to pay a mandatory special assessment of $100.

                                              Respectfully submitted,

                                              RACHAEL S. ROLLINS
                                              United States Attorney

By:   <u>*/s/ Philip Cheng*</u>
       Philip C. Cheng
       Assistant U.S. Attorney
       1 Courthouse Way, Suite 9200
       Boston, MA  02210

Dated:  January 24, 2023

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and copies will be sent to those indicated as non-registered participants.

                                      */s/ Philip Cheng*
                                      Philip C. Cheng
                                      Assistant United States Attorney

Date:  January 24, 2023